Argued and submitted April 8, peremptory writ of mandamus issued May 24, petition for rehearing denied June 28, 1983

STATE ex rel UNION PACIFIC
RAILROAD COMPANY,
*Plaintiff-Relator,*

*v.*

CROOKHAM,
*Defendant.*

(No. A8012-06800, SC 29023)

663 P2d 763

Austin W. Crowe, Jr., Portland, argued the cause for plaintiff-relator. With him on the brief were Christopher E. Burris and Cosgrave, Kester, Crowe, Gidley & Lagesen.

Stephen C. Thompson, Portland, argued the cause for defendant. With him on the briefs were Monte Bricker and Bricker, Zakovics & Querin, P.C.

Before Lent, Chief Justice, and Linde, Peterson, Campbell, Roberts and Carson, Justices.[*]

PER CURIAM

---

[*] Roberts, J., not participating.

## PER CURIAM

The issue is whether the names of occurrence witnesses may be obtained from an opposing party by means of a motion

> "for an order requiring defendant to produce for inspection and copying the following: The identity and location of any and all persons who have discoverable information concerning this case"

within the knowledge of the defendant. Those names may not be so obtained.

The defendant circuit court judge allowed the motion. The defendant in the underlying cause, which is plaintiff in the case at bar, secured from this court an alternative writ of mandamus requiring the defendant judge to rescind his order or to show cause why he had not done so. The defendant judge moved to dismiss the alternative writ upon the ground that it did not state facts sufficient to constitute a "cause of action."

Defendant judge relies upon ORCP 36 B.(1), which provides:

> "Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

> "For all forms of discovery, parties may require regarding any matter, not privileged, which is relevant to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter.
> * * *"

In his briefs in this court the defendant judge does not rely upon the text of any other rule.

Plaintiff-relator argues that the motion in this case is not one of the "forms of discovery" permitted by the Oregon Rules of Civil Procedure and, therefore, although the information sought by the motion is discoverable, it is not discoverable in this mode.

It is readily apparent that the text of ORCP 36 B.(1) is concerned only with the scope of discovery. The authorized forms of discovery are ascertainable only from other rules. We

find those rules to be ORCP 36 A. and 39, 40, 41, 43 and 44. ORCP 36 A. provides:

> "Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission."

ORCP 39 is concerned generally with depositions upon oral examination. ORCP 40 concerns depositions upon written questions. ORCP 41 prescribes the effect of errors and irregularities in the taking of depositions. The motion which the defendant judge allowed in the underlying case is not concerned with the taking of any person's or party's deposition, either orally or upon written questions. Those rules are, therefore, inapplicable.

ORCP 44 governs discovery by physical or mental examination. The motion did not request such an examination; therefore, that rule is inapplicable.

If defendant is to prevail, it must be on the authority of the remaining rule, ORCP 43. That rule spells out the scope and procedure for discovery: (1) by inspection and copying of documents and things, and (2) by entry upon land or other property for inspection, measuring, surveying, etc. This case does not involve a request for entry upon land or other property. Another part of the rule provides for inspecting, copying, testing or sampling "any tangible things." That is not what the movant sought.

The remaining part of the rule concerns inspecting and copying

> "any designated documents (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations * * *."

The text of the motion, quoted at the outset of this opinion, does not specify any existing document. The order allowing the motion is couched in the terms of the motion:

> "IT IS HEREBY ORDERED that defendant produce the identity and location of any and all occurrence witnesses."

That order does not concern any document within the meaning of ORCP 43.

The Oregon Rules of Civil Procedure, upon which the defendant judge and the plaintiff in the underlying cause rely, do not authorize the order.[1]

It is hereby ordered that a peremptory writ of mandamus issue out of this court commanding the defendant judge to rescind and vacate the order above quoted and a later order of the trial court denying reconsideration and refusing to vacate the above-quoted order.

---

[1] The legislature is presently in session and a measure, HB 2309, has been introduced to amend ORCP 43 A. The very thrust of the measure is to allow the discovery of the names of witnesses as was sought by plaintiff in the cause underlying this mandamus proceeding. The measure was introduced at the request of the Oregon State Bar.